# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRAD A. SIMS,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 13-03463-CV-S-GAF |
| | ) | Case No. 12-03064-CR-S-GAF-1 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Presently before the Court is *pro se* Movant Brad A. Sims's ("Movant") Motion to Vacate, Correct, or Set Aside a Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 1). Movant argues his defense counsel Stuart P. Huffman ("Huffman") denied him effective assistance of counsel during Movant's Sentencing Hearing when Huffman failed to (1) object to the infringement amount calculation and (2) request the Court reduce his sentence for time served pursuant to United States Sentencing Guidelines Manual ("Sentencing Guidelines") § 5G1.3. (Doc. # 2). Respondent United States of America (the "Government") opposes. (Doc. # 10). For the reasons set forth below, Movant's Motion is DENIED.

## DISCUSSION

**I.  FACTS**

On January 28, 2008, in Case Number 07-03025-CR-S-GAF-1, Movant pleaded guilty to conspiracy to make, possess, and utter counterfeited securities in violation of 18 U.S.C. § 371. (Case No. 07-03025-CR-S-GAF-1 Docs. ## 58, 61). Movant was sentenced to twenty-one (21) months' imprisonment and three (3) years' supervised release. (*Id*. Doc. # 77). As a condition

of his supervised release, Movant was required to "not commit another federal, state or local crime." (*Id*. at 3).

While on supervised release in Case Number 07-03025-CR-S-GAF-1, Movant was indicted on two (2) counts of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a). (Indictment). Specifically, the Indictment charged that Movant trafficked in counterfeit Rolex watches and counterfeit PING golf clubs. (*Id*.). On October 1, 2012, Movant pleaded guilty to two (2) counts of trafficking in counterfeit goods. (Change of Plea Hearing).

According to the Presentence Investigation Report ("PSR") prepared for the instant offense, Movant advertised the sale of counterfeit Rolex watches for $125 on craigslist.com. (Presentence Investigation Report ("PSR") ¶¶ 6-7). An undercover agent contacted Movant to purchase counterfeit watches. (*Id*. ¶ 7). On March 1, 2012, the agent met with Movant. (*Id*.). The agent viewed fourteen (14) watches and purchased four (4) watches valued at $125 each. (*Id*.). At that time, Movant told the agent he "receiv[ed] only one complaint out of about 16 [counterfeit Rolex watches] that he had sold." (*Id*.). Again, on March 8, 2012, an undercover agent met with Movant and purchased ten (10) counterfeit watches. (*Id*. ¶ 8). During that transaction, Movant "reported [to the agent] he had ordered 15 additional [counterfeit] Rolexes including a woman's watch and Rolex with a leather band." (*Id*.). Additionally, Movant advertised counterfeit PING golf clubs for sale valued at $650 on craigslist.com. (*Id*. ¶ 10). Thereafter, upon execution of a search warrant for Movant's home and business, agents retrieved five (5) counterfeit watches and a set of counterfeit PING golf clubs. (*Id*.). An additional set of counterfeit PING golf clubs were later recovered from Movant's former attorney. (*Id*.).

On September 13, 2012, the Court revoked Movant's supervised release, finding he violated his conditions of release in Case No. 07-03025-CR-S-GAF-1 when he trafficked in the

above-described counterfeit watches and PING golf clubs. (Case No. 07-03025-CR-S-GAF-1 Docs. ## 103, p. 1, 114, 115). The Court sentenced Movant to twelve (12) months' and one (1) day imprisonment. (*Id*. Doc. # 115).

According to the PSR in the instant offense, Movant's Base Offense Level was eight (8). (PSR ¶ 17). The PSR advised that Movant's Offense Level should have a twelve-point increase under Sentencing Guidelines § 2B5.3(b)(1)(B) because the infringement amount of the counterfeit goods was more than $200,000 but less than $400,000. (*Id*. ¶ 18). Additionally, the PSR advised that Movant's Offense Level should be increased by two (2) points because "the offense involved the importation of infringing items." (*Id*. ¶ 19). The PSR also recommended a three-point reduction for acceptance of responsibility. (*Id*. ¶¶ 25-26). For this, the PSR calculated that Movant's Total Offense Level was nineteen (19). (*Id*. ¶ 27).

Further, the PSR calculated Movant's Criminal History Category as VI. (*Id*. ¶ 63). With a Total Offense Level of nineteen (19) and a Criminal History Category of VI, the PSR concluded the applicable Sentencing Guidelines range was sixty-three (63) to seventy-eight (78) months' imprisonment. (*Id*. ¶ 102). Finally, the PSR noted that Movant was

> serving an undischarged term of imprisonment for conspiracy to produce, possess, and utter counterfeit securities in U.S. District Court for the Western District of Missouri Case No. 07-03025-01-CR-S-GAF. Pursuant to [Sentencing Guidelines §] 5G1.3(c), the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment. However, because [Movant] was on supervised release for the above-noted offense at the time of the instant offense, and that term of supervised release was revoked, the [Sentencing] Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence for the revocation, pursuant to 5G1.3, comment. (n.3C).

(*Id*.).

On March 15, 2013, the Court held Movant's Sentencing Hearing. (Doc. # 25). Huffman objected to the twelve-point increase to Movant's Base Offense Level. (Transcript of Sentencing

3

Hearing ("Sent. Tr.") 2:17-4:18). According to Huffman, the PSR's infringement amount calculation was incorrect because the PSR relied on the "manufacturer suggested retail price" of the goods as opposed to the price for which Movant advertised them. (*See id.*). He argued the infringement amount should be the value as advertised by Movant because: (1) the counterfeit goods were advertised as replicas and (2) the disparity between value of infringed goods (actual Rolex watches and PING golf clubs) and the advertised price of the infringing goods (counterfeit Rolex watches and PING golf clubs) demonstrated the goods were counterfeit. (*Id.* at 2:17-3:18).

With hesitation due to the seriousness of the offense, the Court agreed. (*Id.* at 10:22-11:10). The Court stated, "[G]iven the facts and circumstances of this case, . . . [Movant] was not representing these items as authentic as made clear by the price for which he was offering them. . . ." (*Id.* at 10:24-11:2). The Court sustained Movant's objection. (*Id.* at 11:8-10). The Court inquired of Ms. Carlstrom, the Probation Officer, whether this would result in a twelve-point reduction in Movant's Offense Level. (*Id.* at 11:11-12). Ms. Carlstrom stated,

> I believe it would be a ten-point reduction because of the infringement value of the counterfeit items. He was selling the watches for $125 a piece, and in the discovery I found there were 33 watches which resulted in a total of $4,125 and then adding the golf clubs value in with that, the infringement value will be over $5,000, which would add a two-level increase at 2B5.3(b)(1)(B) as opposed to the 12-level increase.

(*Id.* at 11:13-20). After a conversation between the Court, Huffman, and Ms. Carlstrom, the Court concluded the infringement amount of thirty-three (33) counterfeit Rolex watches and two (2) sets of counterfeit PING golf clubs totaled $5425: that is, thirty-three (33) watches valued at $125 each, plus two (2) sets of golf clubs valued at $650 each. (*Id.* at 12:20-13:16). With this new infringement amount, the Court concluded Movant had a Total Offense Level of ten (10), a Criminal History Category of VI, and a recommended Sentencing Guidelines range of twenty-

four (24) to thirty (30) months' imprisonment. (*Id.* at 13:17-19). Huffman, Ms. Carlstrom, and the Government agreed with the Court's Sentencing Guidelines calculation. (*Id*. at 13:20-14:8).

Thereafter, Huffman requested a low-end Sentencing Guidelines range sentence and for Movant's sentence to run concurrently with Movant's sentence from his revocation proceeding. (*Id*. at 20:16-21:6). The Court sentenced Movant to twenty-four (24) months' imprisonment on both counts with his sentences to run concurrently with each other and with the sentence from his revocation proceeding. (*Id*. at 23:8-18, 26:13-17; Judgment and Commitment).

After the Sentencing Hearing, on behalf of Movant, Huffman filed a Motion requesting an adjustment of Movant's sentence pursuant to Sentencing Guidelines § 5G1.3. (Doc. # 31). According to Huffman, because Movant's sentence in his revocation proceeding and the sentences in the present matter were related, Huffman argued the Court had intended to give Movant credit for time served while he was waiting for the disposition of his revocation and pending Indictment. (*Id*. at 1-2). Thus, Huffman requested Movant be given credit for time served. (*Id*. at 2). The Court denied Movant's Motion. (Doc. # 33).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a movant may collaterally attack his sentence on four (4) grounds for relief: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-427 (1962) (quoting § 2255). A claim of ineffective assistance of counsel is a request for relief from a sentence that "was imposed in violation of the Constitution."

Movant's claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). A movant carries a heavy burden to establish ineffective assistance of counsel pursuant to § 2255. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must meet a two-prong test: a movant must demonstrate (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

Under the first prong of the *Strickland* test, a movant must show his "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. However, there is a strong presumption that counsel's challenged actions or omissions were sound strategy under the circumstances. *Id*. at 689. Further, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. Under the second prong of the *Strickland* test, to demonstrate prejudice, a movant must prove there is a reasonable probability that the result of the proceedings would have been different if counsel had performed competently. *Id*. Failure to satisfy both is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (citations omitted) (explaining there is no need to reach the performance prong if the court determines the defendant suffered no prejudice from the alleged ineffectiveness).

### III. ANALYSIS

**A. Whether Huffman Provided Ineffective Assistance for Failing to Object to the Infringement Amount Calculation**

Movant argues Huffman provided ineffective assistance of counsel when he failed to object to the infringement amount calculation. (Doc. # 2, p. 5). According to Movant, Ms. Carlstrom erred when she stated there were thirty-three (33) watches at issue because Movant "only had a total of twenty (20) watches." (*Id*. at 6). Thus, he contends only twenty (20)

watches could be used when calculating the infringement amount of the counterfeit goods. (*Id*.). He claims that had Huffman objected to this discrepancy at the Sentencing Hearing, the value of the items would have been less than $5000, warranting only a one-point enhancement and a lower Sentencing Guidelines range.[1] (*Id*. at 6-7).

Under Sentencing Guidelines § 2B5.3, "[i]f the infringement amount (A) exceeded $2,000 but did not exceed $5,000, [a court must] increase [the Base Offense Level] by 1 level; or (B) exceeded $5,000, [a court must] increase [the Base Offense Level] by the number of levels from the table in § 2B1.1 . . . corresponding to that amount." U.S. Sentencing Guidelines Manual § 2B5.3(b)(1). According to the table in § 2B1.1, if the infringement amount is more than $5000 but less than $10,000, a court must increase the Base Offense Level by two (2). *Id*. § 2B1.1(b)(1)(B)-(C).

Ms. Carlstrom claimed to find thirty-three (33) watches at issue in the PSR. (Sent. Tr. 11:13-20). Upon review of the PSR, the Court finds Ms. Carlstrom's calculation was supported by the evidence at the Sentencing Hearing. There were arguably eighteen (18) watches at issue from the March 1, 2012, transaction; ten (10) watches at issues from the March 8, 2012, transaction; and five (5) watches recovered from Movant pursuant to a search warrant, totaling thirty-three (33) watches. (PSR ¶¶ 7-8, 11). Thus, it cannot be said Huffman was deficient in failing to object to a calculation supported by the evidence.

---

[1] In Movant's Reply Brief, for the first time, he argues Huffman was also ineffective for failing to object to Ms. Carlstrom's use of two (2) sets of counterfeit PING golf clubs in the infringement amount because Movant claims he only sold one (1) set and gave the other as a gift. (Doc. # 7, pp. 11-16). However, the Court need not consider arguments raised for the first time in Movant's § 2255 Reply Brief. *See Smith v. United States*, 256 F. App'x 850, 852 (8th Cir. 2007) (citing *Hohn v. United States*, 193 F.3d 921, 923-24 n.2 (8th Cir. 1999)) (holding the district court did not err in dismissing a movant's claim raised for the first time in a § 2255 reply brief). Accordingly, Movant's new claim of ineffective assistance of counsel is DENIED.

Further, there was evidence of an additional thirty-one (31) watches at issue that could have been attributed to the infringement amount: during the transactions, the undercover agent recalled Movant stating he already sold or was receiving thirty-one (31) additional counterfeit watches. (*Id*. ¶¶ 7-8). If these additional watches were attributed to the infringement amount, the infringement amount would have greatly exceeded $5000, guaranteeing at least a two-point sentencing enhancement of Movant's Offense Level. *See* U.S. Sentencing Guidelines Manual § 2B1.1. Because Huffman did not object and did not call attention to the number of watches at issue, Movant was spared the likely increase in the infringement amount. Thus, Huffman's decision not to object to the amount of watches at issue is accurately described as sound strategy and given great deference. *See Strickland*, 466 U.S. at 689. Accordingly, Movant fails to demonstrate Huffman's decision to not object to Ms. Carlstrom's calculation was objectively unreasonable when to do so could have been detrimental to Movant's defense.

Additionally, Movant fails to demonstrate prejudice. As discussed above, there was ample evidence to support the amount of counterfeit watches relied upon by the Court, and there was evidence to support even more counterfeit watches at issue had an objection been raised. Had those additional counterfeit watches become an issue at the Sentencing Hearing, Movant's Sentencing Guidelines range would likely have been the same or greater. Therefore, Movant fails to show with any reasonable probability the Court would have applied a lower Sentencing Guidelines range under these circumstances. Accordingly, Movant fails to demonstrate Huffman's assistance was ineffective.

**B.     Whether Huffman Provided Ineffective Assistance for Failing to Argue Movant Should Be Given Credit for Time Served**

Movant also argues Huffman provided ineffective assistance of counsel when Huffman failed to request that the Court reduce Movant's sentence under Sentencing Guidelines § 5G1.3,

8

which Movant alleges permits the Court to reduce his sentence by the amount of time he served prior to his Sentencing Hearing. (Doc. # 2, p. 9). The Court ordered Movant's sentence on both counts in the above-captioned case to be run concurrently with each other and with his sentence in his revocation proceeding. (Sent. Tr. 23:8-18, 26:13-17; Judgment and Commitment). The Court made no mention of crediting Movant for time served. (*See generally* Sent. Tr.; Judgment and Commitment). After the Sentencing Hearing, Huffman filed a Motion on Movant's behalf, requesting the Court give Movant credit for time served. (Doc. # 31). The Court denied Movant's Motion. (Doc. # 33).

Sentencing Guidelines § 5G1.3 provides for instances when a court can impose sentences to run consecutively, concurrently, and adjust the sentence for time served when the defendant also has an undischarged term of imprisonment. For Movant to demonstrate he was prejudiced by Huffman's alleged failure to request § 5G1.3 be applied to reduce his sentence for time served, Movant must demonstrate that § 5G1.3 would have applied as he suggests. The only portion of § 5G1.3 that allows for reductions for time served is subsection (b). Accordingly, Movant must show § 5G1.3(b) would have applied to the instant case.

Under § 5G1.3(b), if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . and that was the basis for an increase in the offense level for the instant offense . . . , the sentence for the instant offense shall be:" (1) adjusted for time already served on the undischarged term of imprisonment if a court determines the Bureau of Prisons will not give such credit and (2) imposed to run concurrently to the remainder of the undischarged term of imprisonment. U.S. Sentencing Guidelines Manual § 5G1.3(b). The Sentencing Commission exampled that subsection (b) applies in situations when the defendant is charged with the same conduct at the state and federal levels. *Id*. § 5G1.3 cmt. n.2(D). For

instance, a defendant sold cocaine, resulting in a nine-month sentence at the state level, and he served six (6) months of those nine (9) by the time he was sentenced at the federal level. *Id*. At the federal level, the district court concluded a thirteen-month sentence was appropriate for the same conduct. *Id*. However, because the defendant already served six (6) months at the state level on a related undischarged term, the district court was required to sentence him to only seven (7) months and have it run concurrently to his remaining three-month state sentence. *Id*.

Such a scenario does not apply here. Movant's undischarged term of imprisonment was his revoked supervised release. While Movant's supervised release would not have been revoked but for his trafficking in counterfeit goods, Movant's original conduct for which he was on supervised release was unrelated to the instant offense: Movant was on supervised release for the sale of counterfeit securities in 2007, conduct unrelated to Movant's sale of counterfeit goods in 2012. Accordingly, Movant's conduct in the instant case is not the kind of related conduct warranting giving credit for time served under § 5G1.3(b).

Subsection (c), though, is applicable. Under § 5G1.3(c), "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *Id*. § 5G1.3(c). The Sentencing Commission explicitly noted that subsection (c) applies "in cases in which the defendant was on federal . . . supervised release at the time of the instant offense and has had such . . . supervised release revoked." *Id*. § 5G1.3 cmt. n.3(C).

In this case, § 5G1.3(c) appropriately applied to give the Court discretion in imposing a consecutive or concurrent sentence, with no mention of giving credit for time served. Movant was on federal supervised release when he committed the instant offense, and his supervised release was revoked. The Court, at its discretion, ordered his sentences to run concurrently in

accordance with the directive of § 5G1.3(c) and its related commentary. Subsection (c) did not require the Court to award, or permit the Court discretion in awarding, credit for time served.

Accordingly, Movant cannot demonstrate § 5G1.3(b) would have applied in the instant case. As such, there is no reasonable probability the Court would have granted Movant's request for credit for time served had Huffman made such a request at the Sentencing Hearing. Thus, Movant fails to demonstrate prejudice to support a claim for ineffective assistance of counsel.

C. **Whether Movant is Entitled to an Evidentiary Hearing or Certificate of Appealability**

A movant is not entitled to an evidentiary hearing on a § 2255 motion if the motion and the files and record of the case conclusively show he is entitled to no relief. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (citation omitted). No hearing is required "'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)). It is clear, from the above discussion, an evidentiary hearing is not necessary to resolve Movant's claims. Movant's claims are inadequate on their face to justify relief in light of the applicable law.

Additionally, a movant can appeal a decision to the Eighth Circuit only if a court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued only if a movant can make a substantial showing of a denial of a constitutional right. *Id.* § 2253(c)(2). To meet this standard, a movant must show reasonable jurists could debate whether the issues should have been resolved in a different manner or the issues deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation omitted). As discussed above, Movant's claims fail as a matter of law, and the merits of his claims are not debatable among jurists or deserving of further proceedings.

## CONCLUSION

Movant claims Huffman was ineffective on two (2) grounds: (1) Huffman failed to object to the infringement amount calculation and (2) Huffman failed to request Movant's sentence be reduced for time served pursuant to Sentencing Guidelines § 5G1.3. As to both grounds, Movant fails to demonstrate that either Huffman's performance was deficient or that Movant was prejudiced by any alleged deficient performance. Additionally, there is no need for an evidentiary hearing, and no certificate of appealability shall be issued. Accordingly, for these reasons and the reasons set forth above, Movant's Motion is DENIED, no evidentiary hearing is necessary, and no certificate of appealability shall be issued.

**IT IS SO ORDERED.**

                                            /s/ Gary A. Fenner
                                            Gary A. Fenner, Judge
                                            United States District Court

DATED: March 4, 2014.